Prob 12
(Mod. For E.VA 10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

*1:14-mj-290* (handwritten)

U.S.A. vs. <u>David M. Gauer, Jr.</u>          Docket No.   <u>CIT 3894938</u>

## Petition on Probation

COMES NOW <u>Daniel D. Gillespie, Jr.</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of David M. Gauer, who was placed on supervision by the Honorable Thomas Rawles Jones, Jr. sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>21st</u> day of May, <u>2013</u>, who fixed the period of supervision at two <u>(2) years</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See page 2.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

RETURNABLE DATE:_____

*Issue warrant and enter into NCIC* (handwritten) *TRJ*

**ORDER OF COURT**

Considered and ordered this *5th* day of <u>June</u>, <u>2014</u> and ordered filed and made a part of the records in the above case.

/s/Thomas Rawles Jones, Jr.
_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *June 3, 2014* (handwritten)

*Daniel D. Gillespie* (signature)
_____
Daniel D. Gillespie, Jr.
U.S. Probation Officer
703-299-2285

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

Petition on Probation
Page 2
RE: GAUER, David M.

## SPECIAL CONDITIONS:

1.   The defendant shall undergo substance abuse testing and/or treatment (to include an alcohol education program) as directed;

2.   The defendant shall serve ten (10) days jail as directed pursuant to 18 U.S.C. §3563 (b)(10);

3.   The defendant shall serve ten (10) days in home confinement with monitoring at a level the probation officer deems appropriate and with timeouts as directed;

4.   The defendant shall not operate a motor vehicle anywhere in the United States for a period of two (2) years except:  (a) to, from and as directly required by the defendant's employment, (b) to and from the probation office, (c) to and from the alcohol program and any other programs required by probation, and (d) to and from this court;

5.   The defendant may not operate a motor vehicle unless it is equipped with an alcohol-detecting ignition interlock system approved by the probation officer;

6.   The defendant shall not violate any local, state or federal traffic law; and

7.   The defendant shall pay a $250.00 fine, a $25.00 processing fee, and a $10.00 special assessment within 90 days.

Petition on Probation
Page 3
RE: GAUER, David M.

OFFENSE: Driving While Intoxicated with a BAC of .08% or More.

SENTENCE: Two (2) year term of supervised probation with the special conditions as listed on page two (2).

ADJUSTMENT TO SUPERVISION: The defendant's adjustment to supervision is unsatisfactory at this time. This is the defendant's second Driving While Intoxicated conviction in the Eastern District of Virginia in the past two (2) years. The defendant had recent alcohol related law enforcement contact in which he admitted to operating a motor vehicle outside of his driving restriction after consuming alcohol and without an installed ignition interlock device.

The defendant was re-referred to the Fairfax Alcohol Safety Action Program (ASAP) on May 31, 2013, to be evaluated for education and substance abuse treatment needs. This was following his initial completion of ASAP on September 12, 2012, which was required as a result of his first Driving While Intoxicated conviction. The defendant was assessed at the treatment level with 20 hours of education and outpatient treatment counseling. In April 2013 a treatment assessment was conducted by the Phoenix House Program which did not recommended treatment placement for the defendant. The defendant was recently instructed to have an additional treatment assessment conducted by ASAP as the result of these reported violations.

The defendant completed his period of home confinement on September 6, 2013, and his ten (10) day period of incarceration at the Rappahannock Regional Jail on September 29, 2013.

On June 24, 2014, the defendant paid all monetary obligations in full.

The defendant has maintained gainful employment with U.S. Pharmacopia during the period of supervision.

VIOLATIONS: The following violations are submitted for the Court's consideration.

SPECIAL CONDITION 4:       OPERATING A MOTOR VEHICLE OUTSIDE OF THE COURT ORDERED DRIVING RESTRICTION.

SPECIAL CONDITION 5:       OPERATING A MOTOR VEHICLE WITHOUT AN INSTALLED IGNITION INTERLOCK DEVICE.

STANDARD CONDITION 8:       EXCESSIVE USE OF ALCOHOL.

STANDARD CONDITION 12:       FAILURE TO REPORT LAW ENFORCEMENT CONTACT TO THE

Petition on Probation
Page 4
RE: GAUER, David M.

### PROBATION OFFICE WITHIN 72 HOURS.

On April 19, 2014 at approximately 3:17 a.m., the Probation Officer received an automated real-time law enforcement notification indicating that the Virginia State Police had conducted a record check for the defendant.   Upon further investigation it was determined that Virginia State Trooper A.D. Jones had contact with the defendant on the aforementioned date that resulted in the criminal records check.

According to information received from Trooper Jones on May 17, 2014, he had contact with the defendant, on April 19, 2014, while on routine patrol traveling eastbound on Braddock Road within Fairfax County, Virginia.   Trooper Jones advised he observed a vehicle on the right shoulder partially located in the right travel lane.   Trooper Jones approached the vehicle to determine if the occupants were in need of assistance.   Once he was at the window he reported making contact with two (2) individuals and detected a strong odor of alcohol emitting from the vehicle.   He reported observing the defendant sitting in the driver's seat of the vehicle.   Trooper Jones then asked the defendant to exit the vehicle, which he complied with, and asked him if he had consumed any alcohol that evening.   Trooper Jones reported the defendant admitted to alcohol use at his residence earlier that evening.   Trooper Jones advised the defendant reported he was at his residence with his fiancé when he received a call from the passenger of the vehicle requesting a ride home from a bar.   Trooper Jones reported the defendant indicated he found himself lost after picking up the passenger and was pulled over in an attempt to get directions when the contact was made.

Trooper Jones advised he then put the defendant through a series of field sobriety tests in which the defendant passed one test and failed two other tests.   Trooper Jones advised he did not offer a preliminary breath test as his training and experience dictated that the defendant was borderline Driving Under the Influence.   Trooper Jones further noted that he did not literally see the defendant operating the vehicle and his main concern was whether the defendant would be allowed to drive from their location.   Trooper Jones advised he decided to allow the defendant's fiancé to pick Mr. Gauer and the passenger up from the location and park the vehicle on a side street.   Trooper Jones confirmed that he placed no charges on the defendant, but noted that Mr. Gauer had consumed alcohol prior to the contact and that he would have legally been able to arrest him.   Trooper Jones further noted that the defendant was respectful during the entire encounter.

On May 16, 2014, the Probation Officer had telephonic contact with the defendant regarding the law enforcement contact.   The defendant initially

**Petition on Probation**
**Page 5**
**RE: GAUER, David M.**

without an interlock device.

On May 19, 2014, at approximately 9:00 a.m., the defendant reported to the Probation Office as directed for a scheduled office visit. During the office visit the probation officer conducted a Breathalyzer test that screened positive for the use of alcohol with a BAC of 0.01. The defendant initially denied any use of alcohol during the prior evening and denied any alcohol use that morning. Upon further questioning, the defendant admitted to consuming seven (7) alcoholic beverages at his residence the evening prior to the office visit.

During the office visit the Probation Officer reviewed the violations with the defendant and he was admonished for his actions. The defendant advised he decided to operate a motor vehicle that evening as his friend was in immediate need of ride and he had concerns for his wellbeing. The defendant acknowledged that he had other options, that he made a poor decision to operate a motor vehicle and that he makes poor decisions following the consumption of alcohol.

DDG/